UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | | |
|---|---|---|
| FABIAN TREMONT CARPENTER, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 2:07CV14(MLM) |
| HANNIBAL POLICE DEPARTMENT, | ) ) ) | |
| Defendant. | ) | |

### ORDER AND MEMORANDUM

This matter is before the Court upon the application of Fabian Tremont Carpenter (registration no. 1125462 ), an inmate at the Missouri Eastern Correctional Center (MECC),[1] for leave to commence this action without payment of the required filing fee. For the reasons stated below, the Court finds that the applicant does not have sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $6.17. See 28 U.S.C. § 1915(b)(1). Furthermore, based upon a review of the complaint, the Court finds that the complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

### 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1) a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an

---

[1] At the time applicant submitted his application, he was confined at the Jefferson City Correctional Center. Applicant subsequently informed the Court he had been transferred to MECC [Doc. #4].

1

initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account; or (2) the average monthly balance in the prisoner's account for the prior six month period. See 28 U.S.C. § 1915(b)(1). After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. See 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. Id.

Applicant has submitted an affidavit and a certified copy of his prison account statement for the six month period immediately preceding the submission of his complaint. See 28 U.S.C. § 1915(a)(1),(2). A review of applicant's account statement indicates an average monthly deposit of $30.83, and an average monthly account balance of $15.23. Applicant has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $6.17, which is 20 percent of applicant's average monthly deposit.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis at any time if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief may be granted if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Jackson Sawmill Co. v. United States, 580 F.2d 302, 306 (8th Cir. 1978), cert. denied, 439 U.S. 1070 (1979).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32-33 (1992); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

**The complaint**

Plaintiff seeks damages pursuant to 42 U.S.C. § 1983 for alleged violations of his constitutional rights. Named as defendants are the Hannibal Police Department ("HPD"), Michael A. Lawzano (a lieutenant with the HPD), John Zerboia (a corporal with the HPD), and Michael Routh (a corporal with the HPD). Plaintiff claims that he was wrongfully arrested and falsely imprisoned on charges he sold crack cocaine in September 2004.

**Discussion**

Plaintiff's complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). "Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights." Madewell v. Roberts, 909 F.2d 1203, 1208 (8th Cir. 1990); see also Martin v. Sargent, 780 F.2d 1334, 1338 (8th Cir. 1985) (claim not cognizable under § 1983 where plaintiff fails to allege that defendant was personally involved in or directly responsible for incidents that injured plaintiff); Glick v. Sargent, 696 F.2d 413, 414-15 (8th Cir. 1983) (respondeat superior theory inapplicable in § 1983 suits). Plaintiff has failed to assert any facts indicating that defendants HPD, Zerbonia, and Routh were directly involved in or personally responsible for the alleged violations of his constitutional rights. Therefore, plaintiff's claims against these defendants should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

3

Additionally, liability under § 1983 cannot be imposed on the HPD absent an allegation that unlawful actions were taken pursuant to HPD's policies or customs. Monell v. Dep't of Social Services, 436 U.S. 658, 691-94 (1978). There being no such allegation in this case, the claims against the HPD should be dismissed.

Finally, it appears that plaintiff was convicted of distributing or attempting to distribute a controlled substance as a result of this arrest and sentenced to fifteen years' imprisonment. See State v. Carpenter, Case No. 10R050400654 (10th Judicial Circuit of Missouri, Sept. 2005). A favorable result in this § 1983 action would necessarily call into question the validity of this conviction. Because it appears that plaintiff has not had this conviction overturned or expunged in an appropriate proceeding, the instant § 1983 action is barred under Heck v. Humphrey, 512 U.S. 477, 486-87 (1994).

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial partial filing fee of $6.17 within thirty (30) days from the date of this order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint because the complaint is legally frivolous or fails to state a claim upon which relief may be granted or both. See 28 U.S.C. § 1915(e)(2)(B).

An appropriate order shall accompany this order and memorandum.

Dated this 19th day of June, 2007.

_____
**SENIOR UNITED STATES DISTRICT JUDGE**